**FILED**
U.S. District Court
District of Kansas

JUL 1 8 2018

Clerk, U.S. District Court
By_____ C/m _____Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**UNITED STATES OF AMERICA**

   **Plaintiff,**

v.             Case No. 16-CR-10107-EFM

**ANTHONY SHULTZ**

   **Defendant.**

## PLEA AGREEMENT

The United States of America, by and through Assistant United States Attorney Jason W. Hart and CEOS Trial Attorney Lauren Britsch, and the defendant Anthony Shultz, personally and by and through his counsel Sylvia Penner and Daniel Lawrence, hereby enter into the following Plea Agreement pursuant to Rule 11 of the Federal Rules of Criminal Procedure:

1. **Defendant's Guilty Plea.** The defendant agrees to plead guilty to Counts 2, 5, and 7 of the Superseding Indictment, charging violations of 18 U.S.C. § 2251(a), Production of Child Pornography. By entering into this Plea Agreement, the defendant admits to knowingly committing the offense(s), and to being guilty of the offense(s). The defendant understands that the maximum sentence which may be imposed as to Count 2 is not more than thirty (30) years nor less than fifteen (15) years of imprisonment, a fine of up to $250,000, a period of supervised release for up to lifetime and not less than five (5) years, a $100 mandatory special assessment, and a $5,000 JVTA special assessment. The defendant understands that the same penalties apply to Counts 5 and 7, and that each count may be made to run consecutive to each other for a total maximum term of imprisonment of ninety (90) years, but not less than fifteen (15) years.

2. **Factual Basis for the Guilty Plea.** The parties agree the facts constituting the offense to which the defendant is pleading guilty are as follows:

> After receiving a tip from a private citizen, FBI (Legat Manila) in the Philippines identified Anthony Shultz, a United States' citizen, as an individual who traveled from Kansas to the Philippines and engaged in sex acts with minors. After connecting Shultz to various accounts (financial and email) associated with the distribution of some of these recordings, FBI (Wichita) obtained a search warrant for Shultz' home and devices located therein. From the accounts and devices, FBI agents located multiple images and videos, created by Shultz, that depicted Shultz engaging in sexual acts with multiple minor victims. Throughout many of these depictions, the defendant and the minors are clearly identifiable.
>
> Shultz used Minor Victim 1 (born January 2002) to produce such depictions on at least one occasion between November 3-4, 2014 and March 1, 2015, as indicated by metadata found on defendant's device. The videos created by Shultz depict penetrative sex acts, in which Minor Victim 1 cries and appears in pain. Skype Chats located on Shultz's device(s) show Shultz transmitting one or more of these depictions while advising the minor was 11, 12, or 13 depending on the recipient. FBI agents identified and interviewed Minor Victim 1, who confirmed meeting Shultz when she was 12 years old. In a Mirandized statement given by Shultz at the time of the search warrant, he admitted to recording Minor Victim 1. These depictions were transported in interstate and foreign commerce from the Philippines back to the United States where they were found in the defendant's residence in Kansas.
>
> Shultz used Minor Victim 2 (born in December 1999) to produce depictions of his sex acts with that minor, throughout March 2015 (as indicated by the metadata associated with the videos). These videos show Shultz engaging in penetrative sex acts, as well as giving the child money after one such encounter. Minor Victim 2 was 15 years old at the time. Skype Chats located on Shultz's device(s) show Shultz discussing his activities with Minor Victim 2. These depictions were transported in interstate and foreign commerce from the Philippines back to the United States where they were found in the defendant's residence in Kansas.
>
> Shultz gained access to Minor Victim 3 (born February 2007) via the child's mother, and requested images of the minor via live-streaming video. Skype Chats located on Shultz's device(s) showed Shultz directing the child's mother to expose and manipulate the child's genitals during the live-stream video; these chats occurred between June 2015 and August 2015 and were transmitted in interstate and foreign commerce from the Philippines to Shultz in Kansas. In a Mirandized statement, he admitted the mother of Minor Victim 3 had sent him a picture of the child which showed the child naked. Additional corroborative evidence associated with Minor Victim 3's exploitation was found in one of Shultz's email accounts, where he retained communications between himself and the child's mother which included images of the exposed genitals of Minor Victim 3.

3. **Application of the Sentencing Guidelines.** The defendant understands the Court will use the United States Sentencing Guidelines (Guidelines) to calculate the applicable sentencing range under the advisory Guidelines. The defendant agrees to waive all constitutional challenges to the validity of the Guidelines. The defendant understands and acknowledges that the Court will find, by a preponderance of the evidence, the facts used to determine the offense level, and in making its findings, that the Court may consider any reliable evidence, including hearsay. Nothing in this section prevents the parties from filing objections to the Presentence Report prepared by the United States Probation Office, or from arguing the application of specific sections of the Guidelines.

4. **Relevant Conduct.** The defendant understands and agrees that the conduct charged in any dismissed counts, as well as all other uncharged related criminal activity, may be considered as "relevant conduct" for purposes of calculating the offense level for the count(s) of conviction, in accordance with United States Sentencing Guidelines (U.S.S.G.) § 1B1.3.

5. **Government's Agreements.** In return for the defendant's plea of guilty as set forth herein, the United States Attorney for the District of Kansas agrees:

   (a) to dismiss the remaining counts of the Indictment and Superseding Indictment at the time of sentencing;

   (b) to not file any additional charges against the defendant arising out of the facts forming the basis for the Indictment and Superseding Indictment;

   (c) to recommend the defendant receive a two-point reduction under U.S.S.G. § 3E1.1 for acceptance of responsibility; and

   (d) the parties will otherwise be free to argue their respective positions regarding terms of imprisonment and supervised release.

The United States' obligations under this Paragraph are contingent upon the defendant's continuing to manifest an acceptance of responsibility. If the defendant denies or gives conflicting

3

statements as to his involvement, falsely denies or frivolously contests relevant conduct the Court determines to be true, willfully obstructs or impedes the administration of justice, as defined by U.S.S.G. § 3C1.1 (or willfully attempts to do so), or has engaged in additional criminal conduct, the United States reserves the right to petition the Court for a hearing to determine if he has breached this Plea Agreement.

If the Court finds by a preponderance of the evidence that the defendant (1) has breached or violated this Plea Agreement; (2) has willfully obstructed or impeded the administration of justice, as defined by U.S.S.G. § 3C1.1 (or willfully attempted to do so); (3) has engaged in additional criminal conduct; or (4) has otherwise failed to adhere to this Plea Agreement's terms, the United States shall not be bound by this Section (Section 5), and may pursue any additional charges arising from the criminal activity under investigation, as well as any charges for any perjury, false statement, or obstruction of justice that may have occurred.

If the Court finds the defendant has violated this Plea Agreement, he understands and agrees that all statements he made, any testimony he gave before a grand jury or any tribunal, or any leads from such statements or testimony, shall be admissible against him in any and all criminal proceedings. The defendant waives any rights which might be asserted under the United States Constitution, any statute, Federal Rule of Criminal Procedure 11(f), Federal Rule of Evidence 410, or any other federal rule that pertains to the admissibility of any statements he made subsequent to this Plea Agreement.

6. **Sentence to be Determined by the Court.** The defendant understands that the sentence to be imposed will be determined solely by the United States District Judge. The United States cannot and has not made any promise or representation as to what sentence he will receive.

7. **Restitution.** The defendant understands that restitution is mandatory under 18 U.S.C. § 2259 and agrees that he is liable for the full amount of the victims' losses as determined

4

by the court. The defendant also agrees to pay restitution for the victims in Count 10 (a dismissed count), in the amount of $3,000 per victim that is identified and requests restitution by the time of sentencing. The defendant agrees, pursuant to 18 U.S.C. § 3664(d)(5), that the court may defer the imposition of restitution until after the sentencing.

8. **Forfeiture of Assets.** The defendant abandons and otherwise agrees to the forfeiture of the following property to the United States:

> Dell Inspiron N7110 laptop, Serial Number: 3ZFK3S1
> Fujifilm 16GB SD card
> Alienware P43F laptop, Serial Number: 44XDG72
> Dell Inspiron N7010 laptop, Serial Number: DZ2WBN1
> Apple MacBook A1278
> Toshiba Portege laptop, Serial Number: 3B075580H
> Toshiba DWC130 external hard drive, Serial Number: 5X016YPL
> Toshiba v73600-H external hard drive, Serial Number: 43EAT4SCTYP3
> Samsung Galaxy SIII cell phone
> HP Pavilion Entertainment PC laptop, Serial Number: CNF70241FP
> Compaq laptop, Serial Number: 1V29KSBZP4P0
> His passport

The defendant agrees that this property was used to commit or intended to be used in the commission of the above crimes, including counts 2, 5, and 7. The defendant knowingly and voluntarily waives his right to a jury trial regarding the forfeiture of property, and voluntarily waives all constitutional, legal and equitable defenses to the imposition of a forfeiture judgment. The defendant acknowledges and agrees that the forfeiture of this property shall not be deemed an alteration of his sentence or this agreement, and shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture. Additionally, the defendant agrees to the immediate entry of the Preliminary Order of Forfeiture, and agrees to sign any and all documents necessary to effectuate the forfeiture and transfer of his interest and possession of the property identified in this paragraph to the United

States prior to the imposition of sentence. Further, the defendant agrees that, in relation to his passport, he will not apply for a new or renewed passport in the future.

9. **Identification of Assets and Agreement Concerning Monetary Penalties (Restitution, Fines, Assessments) and Forfeiture.** The defendant agrees to cooperate fully with the United States Attorney's Office and specifically agrees as follows:

(a) Defendant agrees to execute a financial statement provided by the United States Attorney's Office and to update the statement with any material changes within 30 days of any such change. Defendant further agrees to provide all supporting documentation, including, but not limited, to copies of federal tax returns. The defendant agrees to disclose all assets in which defendant has any interest or which defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, as well as any transfer of assets that has taken place within six years preceding the entry of the judgment in this criminal case. Additionally, the defendant agrees to periodically execute an updated financial statement at the request of the United States Attorney's Office until such time the judgment debt is paid in full.

(b) Defendant agrees to authorize the release of all financial information requested by the United States, including, but not limited to, executing authorization forms for the United States to obtain tax information, bank account records, credit history, and social security information. Defendant agrees the United States Attorney's Office may subpoena any records it deems relevant to conduct a full financial investigation. Defendant agrees to discuss or answer any questions by the United States relating to its financial investigation.

(c) Defendant agrees to submit to an examination prior to and/or after sentencing, which may be taken under oath, and/or may include a polygraph examination.

(d) Defendant agrees that any waivers, consents, or releases executed for the United States Probation Office for purposes of preparation of the Presentence Report may be provided to the United States Attorney's Office. All information defendant provided to the United States Probation Office or independently obtained by the United States Probation Office may be provided to the United States Attorney's Office.

(e) Defendant agrees not to encumber, transfer, or dispose of any monies, property, or assets under defendant's custody or control, without written approval from the United States Attorney's Office.

(f) Defendant agrees that whatever monetary penalties the Court imposes (including any fine, restitution, assessment, or forfeiture judgment), will be due and payable immediately and subject to immediate enforcement by the United States. Should

6

the Court impose a schedule of payments, he agrees that the schedule of payments is a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. If defendant is incarcerated, defendant agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments.

(g) If defendant posted funds as security for defendant's appearance in this case, defendant authorizes the Court to release the funds to the Clerk of the United States District Court to be applied to the criminal monetary impositions at the time of sentencing.

(h) Defendant waives any requirement for demand of payment on any restitution, fine, assessment, or forfeiture judgment entered by this Court.

(i) Defendant agrees to notify the United States Attorney's Office within 30 days of any change of address until the judgment debt is paid in full.

(j) Defendant agrees the terms of this agreement shall be incorporated into the Judgment in a Criminal Case.

(k) Defendant agrees to be included in the Treasury Offset Program allowing qualified federal benefits to be applied to offset the balance of criminal monetary penalties.

(l) Defendant agrees that noncompliance with any of the terms set forth in this paragraph will result in a continuance of the sentencing hearing.

10. **Withdrawal of Plea Not Permitted.** The defendant understands that if the Court accepts this Plea Agreement, but imposes a sentence with which he does not agree, he will not be permitted to withdraw his guilty plea.

11. **Payment of Special Assessment.** The defendant understands that a mandatory special assessment of $100.00 per count of conviction will be entered against him at the time of sentencing. Additionally, unless the Court finds the defendant to be indigent, the Court shall impose an additional $5,000 Justice for Victims of Trafficking Act (JVTA) assessment, pursuant to 18 U.S.C. § 3014. The defendant has the burden of establishing an inability to pay the required special assessment. The parties acknowledge that if the Court finds the defendant is without

7

resources to pay the special assessment at the time of sentencing, the Court may allow payment during his period of incarceration.

12. **Waiver of Appeal and Collateral Attack.** The defendant is aware that 18 U.S.C. § 3742 affords him the right to appeal the conviction and sentence imposed. As part of this agreement, the defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, his conviction, or the components of the sentence to be imposed herein, including the length and conditions of supervised release, as well as any sentence imposed upon a revocation of supervised release. The defendant also waives any right to challenge his sentence, or the manner in which it was determined, or otherwise attempt to modify or change his sentence, in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255 (except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)), or a motion brought under Federal Rule of Civil Procedure 60(b). In other words, the defendant waives the right to appeal the sentence imposed in this case, except to the extent, if any, the Court departs upwards from the sentencing Guideline range that the Court determines to be applicable. However, if the United States exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received, as authorized by 18 U.S.C. § 3742(a). Notwithstanding the forgoing waiver, the parties understand that the defendant in no way waives any subsequent claims with regards to ineffective assistance of counsel or prosecutorial misconduct.

13. **FOIA and Privacy Act Waiver.** The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552.

8

The defendant further waives any rights conferred under the Privacy Act of 1974, 5 U.S.C. § 552a, to prevent or object to the disclosure of records or materials pertaining to this case.

14. **Full Disclosure by United States.** The defendant understands the United States will provide to the Court and the United States Probation Office all information it deems relevant to determining the appropriate sentence in this case. This may include information concerning his background, character, and conduct, including the entirety of his criminal activities. The defendant understands these disclosures are not limited to the count to which he is pleading guilty. The United States may respond to comments he or his attorney makes, or to positions he or his attorney takes, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations set forth in this Plea Agreement. The defendant also has the right to provide information concerning the offense and to make recommendations to the Court and the United States Probation Office.

15. **Megan's Law/Adam Walsh Act Notice.** The defendant has been advised and understands, that under the Sex Offender Registration and Notification Act, a federal law, the defendant must register and keep the registration current in each of the following jurisdictions: the location of the defendant's residence, the location of the defendant's employment; and, if the defendant is a student, the location of the defendant's school. Registration will require that the defendant provide information that includes name, residence address, and the names and addresses of any places at which the defendant is or will be an employee or a student. The defendant understands that he must update his registrations not later than three business days after any change of name, residence, employment, or student status. The defendant understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

16. **Waiver of Claim for Attorney's Fees.** The defendant waives all claims under the Hyde Amendment, 18 U.S.C. § 3006A, for attorney's fees and other litigation expenses arising out of the investigation or prosecution of this matter.

17. **Parties to the Agreement.** The defendant understands this Plea Agreement binds only him and the United States Attorney for the District of Kansas, and that it does not bind any other federal, state, or local prosecution authority.

18. **No Other Agreements.** The defendant has had sufficient time to discuss this case, the evidence, and this Plea Agreement with his attorney and he is fully satisfied with the advice and representation his attorney provided. Further, the defendant acknowledges that he has read the Plea Agreement, understands it, and agrees it is true and accurate and not the result of any threats, duress or coercion. The defendant further understands that this Plea Agreement supersedes any and all other agreements or negotiations between the parties, and that this Plea Agreement embodies each and every term of the agreement between the parties.

19. The defendant acknowledges that he is entering into this Plea Agreement and is

**[CONTINUED ON NEXT PAGE FOR SIGNATURES]**

pleading guilty because he is guilty. He further acknowledges that he is entering his guilty plea freely, voluntarily, and knowingly.

_____  Date: 7/18/2018
Jason W. Hart
Assistant United States Attorney

_____  Date: 7/18/2018
Debra Barnett
Assistant United States Attorney
Criminal Coordinator

_____  Date: 7/18/2018
Lauren Britsch
Trial Attorney, CEOS

_____  Date: 7/18/2018
Anthony Shultz
Defendant

_____  Date: 7/18/2018
Sylvia Penner
Attorney for Defendant

_____  Date: 2018-7-18
Daniel Lawrence
Attorney for Defendant