IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 16-101070-001-EFM |
| vs. | ) |
| | ) |
| ANTHONY SHULTZ, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## SENTENCING MEMORANDUM
## OF DEFENDANT ANTHONY SHULTZ

Defendant Anthony Shultz submits this memorandum pursuant to Rule 32 of the Federal Rules of Criminal Procedure for the Court's consideration in determining his sentence. Mr. Shultz appeared before this Court on July 18, 2018 and entered his plea of guilty to three counts of Production of Child Pornography (a Class B Felony), in violation of 18 U.S.C. § 2251(a). For the reasons stated below, Mr. Shultz respectfully requests that he receive a sentence of 15 years per count, with all counts running concurrently.

## I.
## THE PRESENTENCE INVESTIGATION REPORT

Mr. Shultz contests the calculation of his sentence in the Presentence Investigation Report (PSR). He asserts that the 4-level enhancement in Count 5 should not apply to him for the reasons stated in the PSR on page 29.

Mr. Shultz acknowledges that the crimes of conviction require a sentence of imprisonment and that the applicable statute calls for a mandatory minimum of fifteen years imprisonment.

## II.
## SENTENCING FACTORS

The primary directive in 18 U.S.C. § 3553(a) is for courts to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph 2 of this subsection." Paragraph 2 identifies the following purposes:

- (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

- (B) to afford adequate deterrence to criminal conduct;

- (C) to protect the public from further crimes of the defendant; and

- (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2). Among the other factors that the statute directs courts to consider are, the nature and circumstances of the offense and the history and characteristics of the defendant; the kinds of sentences available; the sentencing ranges established...in the guidelines; any pertinent policy statement...issued by the Sentencing Commission; the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a)(1) - (7); *Gall v. United States*, 552 U.S. 38 (2007).

In considering these factors, "no limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." 18 U.S.C. § 3661.

The facts and circumstances in this case call for a total sentence of 15 years imprisonment.

## III.
## A SENTENCE OF FIFTEEN YEARS IS SUFFICIENT BUT NOT GREATER THAN NECESSARY TO ACCOMPLISH THE GOALS OF SENTENCING

An analysis of the sentencing factors under § 3553(a) reveals that a term of fifteen years imprisonment is "sufficient" in this case.

### A. THE NATURE AND CIRCUMSTANCES OF THE OFFENSE AND THE HISTORY AND CHARACTERISTICS OF THE DEFENDANT

#### 1. NATURE AND CIRCUMSTANCES OF THE OFFENSE

As previously noted, Mr. Shultz was convicted on three counts of production of child pornography. The crimes are obviously very serious, and an offender convicted of these offenses should be given a sentence of imprisonment. Both the applicable statute and the Guidelines recognize that and, accordingly, demand a sentence of imprisonment. But, the defense submits that Mr. Shultz is not a present danger to the community, he has accepted responsibility for his conduct, and the sentence should reflect those things.

The production occurred while Mr. Shultz was working in the Philippines. He was employed as a base pilot with Life Star of Kansas. His role was flying helicopters and serving as an instructor. While there, he was introduced to the sex trade that is rampant in some parts of the Philippines. His introduction was by having sex with adult prostitutes and devolved into intercourse with minors and, eventually, he began making videos of the intercourse he had. He then disseminated the videos to others.

The conduct is criminal and very upsetting; however, Mr. Shultz has admitted his role in the crimes to which he plead guilty and he continues to accept responsibility for his actions.

### 2. *HISTORY AND CHARACTERISTICS OF ANTHONY SHULTZ*

Mr. Shultz was born in California, the oldest of five children. He moved around quite a bit with his family, and never really established roots in any one place. He entered the Army shortly after his high school graduation.

Mr. Shultz proudly served in the United States Army for over twenty-years. He was honorably discharged on August 31, 2005. While in the Army, he was deployed to the Republic of Korea, Germany, Bosnia, Southeast Asia, Honduras, Belize, Yugoslavia, and served combat tours in Iraq and Kuwait. He served our country valiantly. Mr. Shultz was awarded the following decorations, medals, badges, and campaign ribbons:

- Air Medal;
- Army Commendation Medal (twice);
- Army Good Conduct Medal;
- National Defense Service Medal (twice);
- Armed Forces Expeditionary Medal;
- Global War on Terrorism Service Medal;
- Southwest Asia Service Medal with 2 Bronze Service Stars;
- Armed Forces Reserve Medal (twice);
- Army Service Ribbon;
- Overseas Service Ribbon;
- North Atlantic Treaty Organization Medal;

4

- Kuwait Liberation Medal;
- Master Army Aviator Badge;
- Senior Army Aviator Badge; and
- Army Aviator Badge.

During his decades of service, he saw his friends killed. At times, he had to help sort through the personal belongings of fallen soldiers. His time in the Army represented some of the highest points in his life but also some of the lowest and most tragic.

Mr. Shultz's civilian life has also brought him the spectrum and high and low points. Among the highs are his 35-year marriage to Hyang-Sun Yi and being a father to his three children. His youngest child graduated from the University of Kansas in May 2019. Among the lows were the death of his father by a drunk driver when he was only a teenager, the loss of his brother to suicide, and the institutionalization of his other brother due to severe mental illness.

Mr. Shultz is very proud of his children, his wife who has remained by his side throughout this case, and of his service to his country. He is not proud of his conduct that led to the convictions in this case. He knows that he has offended many. He acknowledges what he has done, he accepts responsibility for his actions, and he submits that his history and characteristics support a fifteen-year sentence.

## A. THE NEED FOR THE SENTENCE IMPOSED TO PROMOTE CERTAIN STATUTORY OBJECTIVES

A total sentence of fifteen years imprisonment is sufficient to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for

5

the offense. That term of sentence is also sufficient to protect the public from further crimes by Mr. Shultz.

Mr. Shultz is fifty-six years old. If he is incarcerated for fifteen years, he will be nearly seventy years-old when he is released, with credit for time served. Because of his advanced age, a fifteen-year sentence is not a proverbial "slap on the wrist," especially for someone who has never been to prison.[1] Fifteen years is a very lengthy sentence. It is a sentence that recognizes the harm that has been suffered by the victims, it makes clear to all involved that producing child pornography is a serious offense that will not be tolerated, and it is a term of imprisonment that incapacitates Mr. Shultz for a sufficiently long period of time to prevent him from committing these types of crimes again.

### B. THE KINDS OF SENTENCES AVAILABLE

Both the statutory provisions and guideline provisions applicable to this case call for a sentence of imprisonment. We submit that imposing fifteen years on each count, with counts running concurrently is just.

### C. THE SENTENCING RANGE ESTABLISHED BY THE SENTENCING COMMISSION

Mr. Shultz's guideline range is 1080 months; however, as stated on page 24 of the PSR, this Court retains "discretion under 18 U.S.C. § 3584 to depart downward to concurrent sentences in appropriate cases." Doc. 164.

Mr. Shultz submits departing to concurrent sentences is appropriate and commensurate with the goals of sentencing.

### D. THE NEED TO AVOID UNWARRANTED DISPARITIES

---

[1] *See U.S. v. Baker*, 445 F.3d 987 (7th Cir. 2006) affirming non-guideline sentence of 78 months from 108 months for defendant convicted of distributing child porn, justified in part by judge's finding that prison would mean more to this defendant than one who has been imprisoned before, which resonated with goal of "just punishment" in § 3553(a)(2)(A) and "adequate deterrence" in § 3553 (a)(2)(B).

6

The Court "shall consider…the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). Here, there are no co-defendants, so this factor is neutral.

### E. THE NEED TO PROVIDE RESTITUTION TO ANY VICTIMS OF THE OFFENSE

As noted in the Plea Agreement and Presentence Investigation Report, Mr. Shultz has acknowledged his obligation to pay restitution in the amount of $3,000 per victim that is identified and requests restitution. Because there is restitution, this factor weighs in favor of a total sentence of fifteen years. With that sentence, Mr. Shultz might have an opportunity for release and employment that will provide an ability to pay the money that he owes to each victim.

## IV.
## CONCLUSION

Mr. Shultz is sorry for his actions. He knows he did many bad things. However, he has demonstrated an acceptance of responsibility and that he is not a present danger to the community. He recognizes and acknowledges his bad deeds and his need for treatment, and that he deserves a sentence of imprisonment. For these and all of the foregoing reasons, Mr. Shultz respectfully requests this Court sentence him to 15 years imprisonment for each count and that all counts run concurrently.

Respectfully Submitted,

FLEESON, GOOING, COULSON & KITCH, L.L.C.

By

s/ Daniel E. Lawrence
Daniel E. Lawrence, #23728
301 N. Main, 1900 Epic Center
Wichita, Kansas 67201

7

Telephone: (316) 267-7361
Telecopier: (316) 267-1754
dlawrence@fleeson.com
*ATTORNEYS FOR DEFENDANT*


s/ Sylvia B. Penner
Sylvia B. Penner, #21640
301 N. Main, 1900 Epic Center
Wichita, Kansas 67201
Telephone: (316) 267-7361
Telecopier: (316) 267-1754
spenner@fleeson.com
*ATTORNEYS FOR DEFENDANT*

## CERTIFICATE OF SERVICE

The undersigned hereby certify that on this 7th day of August 2019, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to each counsel of record in this case.

s/ Daniel E. Lawrence
Daniel E. Lawrence, #23728
301 N. Main, 1900 Epic Center
Wichita, Kansas 67201
Telephone: (316) 267-7361
Telecopier: (316) 267-1754
dlawrence@fleeson.com
*ATTORNEYS FOR DEFENDANT*

s/ Sylvia B. Penner
Sylvia B. Penner, #21640
301 N. Main, 1900 Epic Center
Wichita, Kansas 67201
Telephone: (316) 267-7361
Telecopier: (316) 267-1754
spenner@fleeson.com